UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23658-CIV-ALTMAN

**TAMARA WAREKA**,
*also known as*
Tamara Williams,

    *Plaintiff*,

v.

**GM BELLE INSTITUTE CORP.**, *et al.*,

    *Defendants*.
_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

The Plaintiff, Tamara Wareka, has filed a Motion for Final Default Judgment (the "Motion") [ECF No. 14]. On February 24, 2025, the Clerk of Court entered default [ECF No. 12] against the Defendants, GM Belle Institute Corp. ("GM Belle") and Glenda Martinez ("Martinez"). And our review of the record indicates that the Defendants have indeed failed to appear, answer, or otherwise respond to the Plaintiff's Complaint [ECF No. 1]. Accordingly, after a careful review of the Motion, the record, and the applicable law, we now **GRANT** the Motion.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final default judgment against any party who has failed to respond to the complaint. But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default.").

Our review of the record in this case confirms that the Complaint adequately establishes our subject-matter jurisdiction under 28 U.S.C. § 1331, our personal jurisdiction over the Defendants, and

the propriety of venue in this District. We also find that the Complaint sufficiently pleads a violation of 17 U.S.C. § 501(a) (copyright infringement). The Plaintiff has thus satisfied the requirements for the entry of a final default judgment against the Defendants.

The Plaintiff requests "$33,600 in statutory damages" under 17 U.S.C. § 504(c). Mot. at 9. That "accounts for the $5,600 licensing fee [for each of the three photographs] with a multiplier of two, which results in damages of $11,200 per infringement." *Id.* at 9–10. "Generally, statutory damages are awarded when no actual damages are proven, or actual damages and profits are difficult or impossible to calculate." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850–51 (11th Cir. 1990) (first citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–33 (1952); and then citing *Warner Bros. Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1126 (2d Cir. 1989)). "Several courts have found statutory damages are especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1311 (M.D. Fla. 2008) (Presnell, J.); *see also PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) (Cohn, J.) ("Several courts have found statutory damages [e]specially appropriate in default judgment cases due to infringer nondisclosure." (collecting cases)).

We've previously said that finding a "reasonable licensing fee" for the image and then multiplying it by five "is an appropriate (and well-accepted) method for determining statutory damages." *Zuma Press, Inc. v. Alivia, LLC*, 2024 WL 4371997, at *3 (S.D. Fla. Mar. 26, 2024) (Altman, J.) (first citing *Aug. Image, LLC v. Auge Internacional Media, LLC*, 2022 WL 20834406, at *4 (S.D. Fla. Nov. 16, 2022) (Altonaga, C.J.) ("Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award three to five times actual damages to properly account for statutory damages."); then citing *Reiffer v. Legendary Journeys, Inc.*, 2019 WL 2029973, at *4 (M.D. Fla. April 10, 2019) (Sansone, Mag. J.), *report and recommendation adopted*, 2019 WL 2029829 (May

02, 2019) (Scriven, J.) (recommending a five-times multiplier); and then citing *Broad. Music, Inc. v. Prana Hosp'y, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid.")). That's a much higher multiplier than the modest "multiplier of two" the Plaintiff requests. Mot. at 10. And the Defendants' "conduct—as well as its decision not to defend against Plaintiff's claim—demonstrates that its conduct is willful." *Aug. Image, LLC*, 2022 WL 20834406, at *4; *see also* Compl. ¶¶ 38, 43 (alleging "willful[ ]" infringement).

The Plaintiff's calculated $5,600 licensing fee per photograph is reasonable. "To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by 'evidence of benchmark licenses, that is, what licensors have paid for use of similar work.'" *Affordable Aerial Photography, Inc. v. Aaron Chandler Constr., Inc.*, 2021 WL 2430999, at *3 (S.D. Fla. Mar. 23, 2021) (Middlebrooks, J.) (quoting *Montgomery v. Noga*, 168 F.3d 1282, 1295–96 (11th Cir. 1999)). Courts in this District have previously considered the licensing fees of "copyrighted photos similar in quality and popularity" to the infringed photos in determining what the Plaintiff would've charged had the Defendants "requested to create and license the Works to reproduce and display" them. *Sportswire v. Herrick Co., Inc.*, 2023 WL 11872632, at *4 (S.D. Fla. Nov. 22, 2023) (Middlebrooks, J.); *see, e.g.*, *Aaron Chandler Constr., Inc.*, 2021 WL 2430999, at *3 (calculating a reasonable licensing fee by looking at the "typical" licensing fees for "copyrighted photographs similar in quality and popularity"). According to the Plaintiff, she's "previously licensed a single [comparable] photograph for $5,600, which included global web usage for one year per market staggered over three years globally." Mot. at 9 (citing Ex. F for Declaration of Rosemary G. Sparrow (the "Sparrow Decl.") [ECF No. 14-1] at 14 (depicting image)); *see also* Sparrow Decl. ¶ 23 ("Williams has charged $5,600 for use of a single image, which included global web usage for one year per market staggered over three years globally."). And the Plaintiff has provided the license for this comparable image—a close-up beauty photograph of a

3

female model's face. *See* Sparrow Decl. ¶ 24 ("Attached hereto as Exhibit F is a true and correct copy of a license for a comparable image to the Beauty Photographs."); Ex. F for Sparrow Decl. at 14 (depicting image). So, we award the Plaintiff $33,600.00 in statutory damages. This award is well within the statutory maximum of $150,000 for willful infringement, *see* 17 U.S.C. § 504(c)(2), and thus doesn't create a windfall for the Plaintiff.

The Plaintiff also seeks a permanent injunction, reasonable attorneys' fees and costs, and pre- and post-judgment interest. *See* Motion at 2, 10–11 (requesting pre-judgment interest); Compl. at 9–10 (requesting both pre- and post-judgment interest).[1] We'll address each in turn. *First*, the Plaintiff seeks to "permanently enjoin Defendants from infringing activities[.]" Mot. at 11; *see also* Compl. ¶ 47 ("Williams is also entitled to injunctive relief to prevent or restrain infringement of the copyright in her Beauty Photographs pursuant to 17 U.S.C. § 502."). The Copyright Act "gives a court authority to grant injunctive relief to prevent further violations of Plaintiff's copyrighted material." *Markos v. Yacht Charters of Miami.com, LLC*, 2019 WL 8989936, at *4 (S.D. Fla. Oct. 2, 2019) (Torres, Mag J.), *adopted by* 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019) (Scola, J.) (first citing 17 U.S.C. § 502; and then citing *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984)).

To obtain a permanent injunction, a plaintiff must show: (1) that it suffered an "irreparable injury"; (2) that the "remedies available at law, such as monetary damages, are inadequate to

---

[1] Although the Plaintiff omits her request for post-judgment interest from her Motion, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961; *accord Nat'l Fire Ins. Co. of Hartford v. Fortune Const. Co.*, 233 F. App'x 890, 895 (11th Cir. 2007) ("That the judgment of the district court did not address postjudgment interest is of no consequence." (citing *Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1993) ("[P]ost-judgment interest [under the federal statute] . . . accru[es] . . . regardless of whether the district court order provided for post-judgment interest payments."))); ABRAMS ET AL., THE LAW OF COPYRIGHT § 17:31 (Oct. 2024 Update) ("Postjudgment interest on monetary awards in copyright infringement cases accrues as a matter of course under section 1961 of the federal judicial code.").

compensate for that injury"; (3) "that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted"; and (4) that the "public interest would not be disserved by a permanent injunction." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (quoting *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006) (cleaned up)). Our decision "to grant or deny injunctive relief is discretionary." *Microsoft Corp. v. Tech. Enters., LLC*, 805 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011) (Hoeveler, J.) (citing *eBay*, 547 U.S. at 391).

In support of the four factors, the Plaintiff says the following: (1) "Plaintiff has shown success on the merits through default"; (2) "Plaintiff is likely to suffer irreparable harm as Plaintiff suffers diminished market value of the Beauty Photographs and loss of licensing fees as a result of Defendant's infringement"; and (3) "Furthermore, the public interest is not unduly burdened." Mot. at 11. The Plaintiff has satisfied all four elements for a preliminary injunction. The Plaintiff, it's true, says nothing *explicitly* about two of the factors. *One*, she doesn't say why the "remedies available at law, such as monetary damages, are inadequate to compensate for [her] injury[.]" *Broadcast Music, Inc.*, 772 F.3d at 1261 (cleaned up). *Two*, she doesn't say why a "remedy in equity is warranted" after balancing the hardships. *Ibid.* Nevertheless, the Plaintiff has made a showing of both these factors (as well as the other two she explicitly addresses).

*First*, she's shown that the Defendants have "exhibited a pattern of infringement," which "demonstrates a realistic likelihood of future violations, which could not easily be remedied by damages." *Microsoft Corp.*, 805 F. Supp. 2d at 1334. For starters, there's "no evidence that Defendants have stopped infringing" the Plaintiff's photographs or that, "absent an injunction, Defendants will stop." *Arista Recs., Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003) (Cohn, J.). And the Defendants' "failure to respond" to the Complaint "suggest[s] that Defendants do not take seriously the illegality of their infringing activity" and that, "without an injunction, Plaintiffs' Copyrighted [photographs] remain vulnerable to continued, repeated infringement." *Ibid.*; *see also*

5

Compl. ¶ 39 ("After discovering the unauthorized use of the Beauty Photographs, Williams, through counsel, reached out to Defendants in an attempt to resolve this matter but the parties were unable to do so."); Mot. at 8 ("Plaintiff made several attempts to resolve this matter prior to filing suit, through counsel, but was unable to do so.").

*Second*, "[s]o long as the Defendants continue their infringement, the Plaintiff faces a significant risk of stolen sales, lost customers, and diminished reputation." *Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, 2021 WL 2823270, at *6 (S.D. Fla. July 7, 2021) (Altman, J.). The Defendants, on the other hand, "face no hardship from an injunction prohibiting their unlawful activities." *Ibid.* (citing *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290–91 (S.D. Fla. 2016) (Altonaga, C.J.) ("Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act.")). So, the balance of hardships also favors an injunction. In the end, "[g]iven the value of the copyrighted material, the ease with which it can be disseminated on the internet, and the irreparable injury the Plaintiff suffers when its works are displayed by others, we find that a permanent injunction is warranted in this case." *Viral DRM, LLC v. EVTV Miami, Inc.*, 2024 WL 728095, at *3 (S.D. Fla. Feb. 22, 2024) (Altman, J.) (citing *Harrington v. Latin Travel Direct, LLC*, 2019 WL 13436531, at *3 (S.D. Fla. July 26, 2019) (Scola, J.) (granting permanent injunction in a similar copyright action involving a photograph)).

As we've said, the Plaintiff also requests reasonable attorneys' fees and costs. *See* Motion at 10–11. We've reviewed the Motion, as well as the Sparrow Declaration and its Supporting Exhibits [ECF Nos. 14-1, 14-2], and we find that the Plaintiff is entitled to recover *some* of the fees and costs she's requested. "The Copyright Act of 1976, 17 U.S.C. § 505, provides in relevant part that in any copyright infringement action 'the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994); *see also* 17 U.S.C. § 505

("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). As a result of the default in this case, the Plaintiff is the prevailing party.

Because the Plaintiff is the prevailing party, we must now determine whether the amount of the attorneys' fees the Plaintiff has requested is reasonable (and we find that it is). *First*, we find the hourly rates in this case reasonable. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). The Plaintiff's lawyer, Rosemary G. Sparrow, charges "$250[.00] per hour." Sparrow Decl. ¶ 28. As we've previously found, "[i]n the Southern District of Florida, $250.00 is a reasonable rate for a lawyer practicing copyright law with Ms. Sparrow's level of experience." *Covey v. Hair Construction, Inc., d/b/a Stylez App, et al.*, 2024 WL 5106790, at *1 (S.D. Fla. June 13, 2024) (Altman, J.) (first citing *BWP Media USA Inc. v. A.R. Commc'ns., LLC*, 2014 WL 5038590, at *6 (M.D. Fla. Oct. 6, 2014) (Spaulding, Mag. J.) (holding that "$225.00 per hour is reasonable" for "the work of an associate" in a copyright case); and then citing *Thompsons Film, LLC v. Velez*, 2014 WL 3721288, at *8 (M.D. Fla. July 28, 2014) (Honeywell, J.) (same)). *Second*, we've carefully reviewed each entry in the submitted billing records, and we find that the hours counsel claims (7.8 hours) are recoverable. So, the total amount of recoverable attorneys' fees is $1,950.00.

The Plaintiff also seeks reimbursement for a $405.00 case-filing fee and $720.00 in process-server fees for the two Defendants. *See* Exs. H–I to Sparrow Decl. [ECF No. 14-2] at 17–23 (listing the case-filing fee and the service fees); *see also* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Here, we're going to cut the Plaintiff's request because "[t]he

7

Eleventh Circuit has been clear that, as a general rule, a Plaintiff may not recover process server fees that exceed the costs of having a U.S. Marshal effectuate service." *Phillips v. SC Cap. Ventures, Inc.*, 2020 WL 2988381, at *6 (S.D. Fla. June 4, 2020) (Altman, J.) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (finding that "a district court does not abuse its discretion in taxing private process server fees *that do not exceed the statutory fees* authorized in [28 U.S.C.] § 1921" (emphasis added))). The current rate for a U.S. Marshal to effectuate service is "$65 per hour (or portion thereof) for each item served[.]" 28 C.F.R. § 0.114(a)(3). That's far off from the Plaintiff's requested $720.00 in process-server fees.

In *Phillips*, we reduced the process-server fees to $65 where "the Plaintiff has provided no evidence that service took longer than one hour or that a deviation from the $65/hr rate was otherwise justified." 2020 WL 2988381, at *6. In our case, it's true, the Plaintiff has shown that it took the process server multiple tries to serve the Defendants. *See* Ex. I to Sparrow Decl. [ECF No. 14-2] at 19–23 (noting an initial attempt on October 30, 2024, "[a]dditional [a]ttempts" in November and December 2024, and then successful service on January 22, 2025). So, we find that the Plaintiff has provided *some* evidence "that service took longer than one hour or that a deviation from the $65/hr rate was otherwise justified." *Phillips*, 2020 WL 2988381, at *6. But the Plaintiff hasn't told us how many hours the process server expended or *even* what the process server's rate was. Without this information, we won't allow the Plaintiff to recover more than "$470.00 in process server fees"—which is the amount we awarded in a similar copyright-infringement action.[2]

---

[2] In *Covey*, which also involved two defendants' infringement of a beauty photograph's copyright, we awarded "$470.00" in private process-server fees. 2024 WL 5106790, at *2. We did that despite the fact that (as here) the Plaintiff never provided any evidence beyond the process server's "multiple service attempts on both Defendants" to justify the fee. Declaration of Rosemary Sparrow ("Sparrow Decl.") for Motion for Default Judgment, No. 1:24-cv-21105 (S.D. Fla. June 12, 2024) (Altman, J.), ECF No. 17 ¶ 30; Ex. C for Sparrow Decl. (showing the private process server's multiple service attempts).

8

*Covey*, 2024 WL 5106790, at *2 (citing *Madden v. Just Believe Recovery Ctr., LLC*, 391 F. Supp. 3d 1121, 1127 (S.D. Fla. 2019) (Rosenberg, J.) (allowing the plaintiff to recover a $400 filing fee and $480 in process-server fees for one Defendant)). The total amount of recoverable costs is therefore $875.00. But, if the Plaintiff believes she's entitled to recover more of the private process server's fees, she may move for additional costs **by June 4, 2024**. If she does so, her motion must include: (1) documentation for the specific number of hours the private process server expended; (2) an affidavit from the process server setting out his or her hourly rate; and (3) argument for the Plaintiff's position that we should award more than $65 per hour for service in this case.

The Plaintiff moreover requests that we award her "prejudgment interest." Mot. at 2. Federal law permits courts to award pre-judgment interest in civil cases. *See* 28 U.S.C. § 1961 (permitting interest in a civil case and providing a mode of computation). The Copyright Act doesn't specify whether a copyright owner is entitled to recover interest on an award of actual or statutory damages, and "a request for prejudgment interest on an award of damages and profits will be directed to the court's discretion." 50 AM. JUR. PROOF OF FACTS 2d 263 (originally published in 1988); *accord* ABRAMS ET AL., THE LAW OF COPYRIGHT § 17:29 (Oct. 2024 Update). But we deny the Plaintiff's request because she doesn't "explain why [she] is entitled to interest or how that interest should be calculated," even though she "bears the burden of establishing [her] claims to relief[.]" *Affordable Aerial Photography, Inc.*, 2021 WL 2823270, at *5 (first citing *Stross v. Roberson*, 2019 WL 7562382, at *4 (M.D. Fla. Oct. 3, 2019) (Hoffman, Mag. J.), *report and recommendation adopted sub nom. Stross*, 2019 WL 5303676 (M.D. Fla. Oct. 21, 2019) (Dalton, J.) (denying pre-judgment interest where the plaintiff "provide[d] no argument or authority explaining why he [was] entitled to such relief, [or] . . . a computation of the prejudgment interest sought" and noting that "[i]t is the [p]laintiff's burden, not the [c]ourt's, to demonstrate that he is entitled to the relief sought"); and then citing *McKennon v. NewsCastic, Inc.*, 2018 WL 5847424, at *7 (M.D. Fla. Sep. 7, 2018) (Irick, Mag. J.), *report and recommendation adopted by*, 2018 WL 5840687 (M.D.

Fla. Nov. 8, 2018) (Mendoza, J.) (denying a similarly deficient request for prejudgment interest)); *see also Wareka v. Excel Aesthetics LLC*, 2024 WL 1532267, at *9 (S.D. Fla. Mar. 28, 2024) (Goodman, Mag. J.), *report and recommendation adopted*, 2024 WL 1833085 (S.D. Fla. Apr. 26, 2024) (Williams, J.) (denying a similarly deficient request for pre-judgment interest by this same plaintiff because she (as here) "merely mentions it in passing" and doesn't "discuss why or how she is specifically entitled to pre-judgment interest, nor did she cite to any legal authority supporting her request"); *United States v. Esformes*, 60 F.4th 621, 635 (11th Cir. 2023) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014))); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited]."); *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Final Default Judgment [ECF No. 14] is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, final judgment will be entered separately.

2. The Plaintiff is entitled to judgment against the Defendants in the amount of **$33,600.00** under 17 U.S.C. § 504(c).

3. The Plaintiff shall be awarded attorneys' fees and litigation costs in the amount of **$2,825.00** under 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d).

4. Post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961 from the date of entry of this Default Judgment until the judgment amount and all accrued interest are paid in full by the Defendants to the Plaintiff.

5. The Defendants are **ENJOINED** from continuing to use, copy, or publicly display the Plaintiff's copyrighted images under 17 U.S.C. § 502(a).

6. This case shall remain **CLOSED**. All other deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on May 21, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record